[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2008
THOMAS K. KAHN
CLERK

No. 07-14725
Non-Argument Calendar

_____

D. C. Docket No. 06-00031-CR-5-HL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAINE L. HARP,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(June 23, 2008)**

Before TJOFLAT, CARNES and BARKETT , Circuit Judges.

PER CURIAM:

On March 22, 2006, a Middle District of Georgia grand jury returned a two-count indictment against appellant, Michael Chambliss, and Eric Thomas charging them, in Count One, with the armed robbery of Sun Trust Bank in Macon, Georgia, on November 13, 2001, in violation of 18 U.S.C. §§ 2113(a) and (d), and, in Count Two, with brandishing and carrying a firearm in furtherance of the Count One robbery, in violation of 18 U.S.C. § 924(c)(1)A)(I) and (ii). The defendants pled not guilty and stood trial in April 2007. The jury found Chambliss and Thomas guilty. The jury hung as to appellant, and the district court declared a mistrial in his case.

Appellant stood trial before a jury again in July 2007. The jury was selected on Monday, July 9; the trial would begin the following Monday, July 16. On July 11, appellant moved the district court, pursuant to 18 U.S.C. § 3006A(e), for funding to conduct DNA testing of "any and all items of evidence" recovered by the police from a motel room, where the defendants had met the day of the robbery, and from two vehicles that had been involved in the criminal enterprise. The court heard the motion on July 12. The Government opposed the motion, stating that even if the evidence was tested by July 16, when the trial would begin, the Government would be unable to review the results of the tests and prepare a response. The court denied the motion on the grounds that appellant had waited

until the eleventh hour to bring it, and, given the substance of defense counsel's argument in support of the motion, that the DNA tests would not be sufficient to exonerate appellant.

The trial proceeded as scheduled. In addition to numerous pieces of highly inculpatory physical evidence, the Government called the driver of the getaway car, Padrience Davis, and several other witnesses; all incriminated appellant. The jury found appellant guilty as charged, and the court sentenced him to consecutive prison terms of 57 months on Count One and 60 months on Count Two. He now appeals, seeking a new trial on two grounds: (1) his attorney rendered ineffective assistance of counsel, and (2) the court abused its discretion in denying his motion for funds for DNA testing. We affirm.

We do not address appellant's first ground because the record is not sufficiently developed on the ineffective assistance issue. That ground, if appellant believes it has merit, should be asserted in a motion filed under 28 U.S.C. § 2255. See United States v. Andrews, 953 F.2d 1312, 1327 (11th Cir. 1992). We turn then to appellant's second ground for a new trial.

"The decision to grant or deny a motion for expert services pursuant to 18 U.S.C. § 3006A(e) is committed to the sound discretion of the district court and may only be overturned upon a showing of abuse of discretion." United States v.

3

Rinchack, 820 F.2d 1557, 1563 (11th Cir. 1987). Under § 3006A(e), counsel for a defendant financially unable to obtain expert services for adequate representation may apply to the court for the needed funds. If the court finds that the services are necessary and that the defendant is financially unable to obtain them, the court must authorize counsel to obtain the services. 18 U.S.C. § 3006A(e)(1). However, "[a] trial court is not required to grant an eleventh hour request for section 3006A(e) services, particularly where the delay in making the request is unjustified and would require a continuance of the . . . trial." Rinchack, 820 F.2d at 1564. And "[a] court may refuse to authorize section 3006(A)(e) expert services on grounds that they are not necessary when it concludes that the defendant does not have a plausible claim or defense." Id.

The district court did not abuse its discretion in denying appellant's motion for funds. The motion was untimely, and DNA testing appeared to be unnecessary to appellant's defense.

**AFFIRMED.**